# IN THE COURT OF APPEALS OF IOWA

No. 17-0926
Filed August 16, 2017

**IN THE INTEREST OF H.H.,**
**Minor Child,**

**C.H., Father,**
     Appellant.
_____

     Appeal from the Iowa District Court for Lucas County, Monty W. Franklin,

District Associate Judge.


     A father appeals from the order terminating his parental rights.

**AFFIRMED.**


     Amanda M. Demichelis of Demichelis Law Firm, P.C., Chariton, for

appellant.

     Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

     Dawn M. Bowman of Bowman Law Office, Pleasant Hill, for minor child.


     Considered by Danilson, C.J., and Tabor and McDonald, JJ.

**DANILSON, Chief Judge.**

A father appeals[1] from an order terminating his parental rights to his child, H.H., born in January 2015.  The family began receiving parenting services from the department of human services (DHS) shortly after the child's birth because both parents previously had their rights to other children terminated.  The father has anger-management and mental-health issues, and failed to follow through with drug testing.

H.H. was removed from parental custody on July 24, 2015, due to a domestic abuse assault by the father against the mother and a subsequent drug test that indicated the father had been using methamphetamine.[2]  The child has remained in out-of-home placement since the ex parte removal.  A contested hearing was held on September 9 and, on October 5, 2015, the child was adjudicated a child in need of assistance (CINA).

In February 2016, a permanency order was filed and the father was granted an additional six months to seek reunification.  The court found it reasonably likely the child could safely be returned home with an additional six months of reunification services if several specific issues and concerns were successfully addressed.

---

[1] The mother did not attend the termination hearing and does not appeal.

[2] The father threw a hammer at the mother, hitting her on the leg.  The parents told varying stories about whether the child was present.  In its adjudication order, the court found the child was present during the incident and was placed at risk of injury.

In May 2016, the DHS worker addressed the father's lack of progress on each issue and recommended that the permanency goal for the child be changed from reunification to termination of parental rights and adoption.[3]

In an August 4, 2016 permanency-review order, the juvenile court changed the permanency goal to termination of parental rights and further ordered:

> Visitation between mother, father, and child shall remain suspended as a result of the parents['] failure to participate with services. If the parents show regular and consistent cooperation and participation in services and progress with such services, DHS or the child's guardian ad litem [(GAL)] may make application to the Court to reinstate visitation.

No such application to reinstate visitation was made by either DHS or the child's GAL. Nor did the father seek to reinstate visitation through the juvenile court.

On August 25, a petition to terminate parental rights was filed. Hearing on the termination petition was scheduled and re-scheduled.

A March 10, 2017 report filed by the court-appointed special advocate notes contact with the father, who "said he is not attending the termination hearing and is 'just going to be done with it.' He said he talked to his attorney about seeing [the child] one last time."

The father did attend the March 22, 2017 termination hearing, however, and asserted the child could be returned to him. He argued he had made progress—he testified he had completed substance-abuse treatment, was employed, lived with his paramour, and was successfully parenting his girlfriend's

---

[3] On May 21, 2016, the police were called to the father's home by his paramour.

child.[4] He asserted he had been injured on the job and some of his medical appointments interfered with his scheduled visits. The father stated H.H. could be returned at the time of hearing.

The juvenile court disagreed and entered its findings of fact, conclusions of law, ordering the father's parental rights terminated pursuant to Iowa Code section 232.116(1) (g), (h), and (i) (2017).

We review termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). When the juvenile court terminates parental rights on more than one statutory ground, we affirm if the evidence supports termination on one of the grounds. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

The father argues the State failed to make reasonable efforts because DHS did not accommodate his schedule after he was injured at his job and the State failed to establish grounds for termination. We find clear and convincing evidence supports the termination of the father's parental rights pursuant to section 232.116(1)(h) (allowing termination where a child age three or younger has been adjudicated CINA, has been out of the parent's custody for at least six of last twelve months, and cannot be returned at present). At the time of the termination hearing, H.H. was two years old, had been adjudicated CINA, and had been out of the father's custody for far more than the requisite time period. Additionally, the child had not seen the father for more than six months. The father had not participated in the requisite services, and the child could not be returned to the father at the time of the hearing.

---

[4] The girlfriend was the mother of five children, only one of whom was in her care. She was receiving DHS parenting services to assist with parenting. The father of H.H. claimed to be participating in those services.

The father argues reasonable efforts were not made because he was denied visitation. The father raised this issue, if at all, at the time of the termination hearing. While the State has an obligation to provide reasonable services, the parent must demand different or additional services the parent may require *prior* to the termination hearing. *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). If a parent does not request additional services at the appropriate time, the argument that DHS did not make reasonable efforts is waived, and the parent may not later challenge it in the termination proceeding. *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). "Moreover, voicing complaints regarding the adequacy of services to a social worker is not sufficient. A parent must inform the juvenile court of such challenge." *Id.*

The father has not had visitation with the child since July 2016. We acknowledge the father's visitation was suspended but it was because he failed to consistently follow through with his mental-health counseling and drug testing, ceased to have contact with DHS, and did not engage with the child during visits or did not always confirm visits in a timely manner. Moreover, we note the suspension of visitation occurred after the father had been granted an extension of time to seek reunification and was notified that consistency in his participation with services was a requirement. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000) ("Once the limitation period lapses, termination proceedings must be viewed with a sense of urgency.").

We find no reason to disturb the termination of the father's parental rights and we affirm.

**AFFIRMED.**